## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

DAVID TOM, individually and on
behalf of all others similarly situated,

     Plaintiffs,

                           Case No. 6:24-cv-01859-JSS-DCI

v.

ELLINGTON SERVICE
CORPORATION, and 33 MILE
RADIUS LLC d/b/a EVERCONNECT
AND KEYWORD CONNECTS,

     Defendants.

_____/

## DEFENDANT 33 MILE RADIUS LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant 33 Mile Radius LLC d/b/a EverConnect and Keyword Connects ("33 Mile"), by and through undersigned counsel, hereby answers the correspondingly numbered paragraphs of Plaintiff's First Amended Complaint, ECF No. 38 ("Amended Complaint"), as follows:

## NATURE OF ACTION

1.     The case quoted in Paragraph 1 of the Amended Complaint speaks for itself and is the best evidence as to its content, and no response is therefore required. To the extent a response is required, 33 Mile denies all allegations in this paragraph that are contrary to the quote in the referenced case.

1

2. The case quoted in Paragraph 2 of the Amended Complaint speaks for itself and is the best evidence as to its content, and no response is therefore required. To the extent a response is required, 33 Mile denies all allegations in this paragraph that are contrary to the quote in the referenced case.

3. 33 Mile admits that Plaintiff, individually and as the proposed class representative for others similarly situated, purports to bring claims against 33 Mile and Defendant Ellington Services Corporation ("Ellington") (collectively "Defendants") for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). 33 Mile denies that it violated the TCPA by making telemarking calls to numbers on the National Do Not Call Registry, including for any calls to Plaintiff, and otherwise denies all remaining allegations in Paragraph 3 of the Amended Complaint.

4. 33 Mile admits that Plaintiff purports to allege that 33 Mile and Ellington use automated systems to make telemarketing calls from and into Florida, and that by doing so, Defendants have violated the provisions of the Florida Telephone Solicitations Act, Fla. Stat. § 501.059 ("FTSA"). 33 Mile denies that it uses automated systems to make telemarketing calls from and into Florida, and that it has violated the FTSA in doing so, and otherwise denies all remaining allegations in Paragraph 4 of the Amended Complaint.

5.     33 Mile admits that Plaintiff purports to sue on behalf of a proposed nationwide class of other persons who received similar calls and denies all remaining allegations in Paragraph 5 of the Amended Complaint, including without limitation any suggestion that class-wide treatment is appropriate in this case.

6.     Denied.

## PARTIES

7.     33 Mile lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7 of the Amended Complaint and therefore they are denied.

8.     33 Mile lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8 of the Amended Complaint and therefore they are denied.

9.     33 Mile admits that 33 Mile Radius LLC d/b/a EverConnect and Keyword Connects is a Massachusetts-based telemarketer that has made telemarking calls into this District for Ellington.  33 Mile denies all remaining allegations in Paragraph 9 of the Amended Complaint.

## JURISDICTION AND VENUE

10.     The allegations in Paragraph 10 of the Amended Complaint are legal conclusions to which no response in required.  To the extent a response is required, 33 Mile admits that this Court has subject matter jurisdiction over this action.

11.     33 Mile admits that this Court has specific personal jurisdiction over 33 Mile, is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made regarding personal jurisdiction over Ellington, and denies all remaining allegations in Paragraph 11 of the Amended Complaint.

12.     Admitted.

## TCPA BACKGROUND

The Enactment of the TCPA and its Regulations

13.     Admitted.

14.     The statute quoted in Paragraph 14 of the Amended Complaint speaks for itself and is the best evidence as to its terms and content, and no response is therefore required. To the extent a response is required, 33 Mile denies all allegations in Paragraph 14 that are contrary to the quote in the referenced statute.

15.     The regulation referenced in Paragraph 15 of the Amended Complaint speaks for itself and is the best evidence as to its terms and content, and no response is therefore required. To the extent a response is required, 33 Mile denies all allegations in Paragraph 15 that are contrary to the referenced regulation.

16.     The regulation quoted in Paragraph 16 of the Amended Complaint speaks for itself and is the best evidence as to its terms and content, and no response is therefore required. To the extent a response is required, 33 Mile denies all allegations in Paragraph 16 that are contrary to the quote in the referenced regulation.

17. The statute and regulation referenced in Paragraph 17 of the Amended Complaint speak for themselves and are the best evidence as to their terms and content, and no response is therefore required. To the extent a response is required, 33 Mile denies all allegations in Paragraph 17 that are contrary to the referenced statute and regulation.

The Florida Telephone Solicitations (sic) Act

18. Admitted.

19. The statute quoted in Paragraph 19 of the Amended Complaint speaks for itself and is the best evidence as to its terms and content, and no response is therefore required. To the extent a response is required, 33 Mile denies all allegations in Paragraph 19 that are contrary to the quote in the referenced statute.

20. The statute quoted in Paragraph 20 of the Amended Complaint speaks for itself and is the best evidence as to its terms and content, and no response is therefore required. To the extent a response is required, 33 Mile denies all allegations in Paragraph 20 that are contrary to the quote in the referenced statute.

21. The statute referenced in Paragraph 21 of the Amended Complaint speaks for itself and is the best evidence as to its terms and content, and no response is therefore required. To the extent a response is required, 33 Mile denies all allegations in Paragraph 21 that are contrary to the referenced statute.

## FACTUAL ALLEGATIONS

22.     The allegations of Paragraph 22 of the Amended Complaint are legal conclusions for which no response is required. To the extent a response is required, 33 Mile admits the allegations.

23.     The allegations of Paragraph 23 are a legal conclusion for which no response is required. To the extent a response is required, 33 Mile admits the allegations.

24.     33 Mile lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24 of the Amended Complaint and therefore denies the allegations.

<u>Calls to Plaintiff</u>

25.     33 Mile lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25 of the Amended Complaint and therefore denies the allegations.

26.     Denied.

27.     Denied.

28.     Denied.

29.     33 Mile denies that Mr. Tom's telephone number is a residential telephone line. 33 Mile lacks knowledge or information sufficient to form a belief

as to the truth or falsity of the remaining allegations in Paragraph 29 of the Amended Complaint and therefore the remaining allegations are also denied.

30.     33 Mile admits that Plaintiff received three calls from the caller ID 888-660-3882, but denies all remaining allegations in Paragraph 30 of the Amended Complaint.

31.     33 Mile admits that the first call took place on July 5, 2024, that each person said "Hello" more than once, and that the call was disconnected, but denies the remaining allegations in Paragraph 31 of the Amended Complaint.

32.     33 Mile lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32 of the Amended Complaint and therefore they are denied.

33.     33 Mile admits that Plaintiff called the 888-660-3882 number back on July 5, 2024, but lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 33 of the Amended Complaint and therefore they are denied.

34.     33 Mile admits that Plaintiff called the number back and that an individual answered thanking Plaintiff "for calling back regarding [his] HVAC project" and asking whether he was speaking with "Evan."  33 Mile denies all remaining allegations in Paragraph 34 of the Amended Complaint.

35.     33 Mile admits that, during this call, the individual who answered Plaintiff's call confirmed that they were a "third-party company" and that "we do calls for Ellington Air Conditioning and Heat."   33 Mile denies all remaining allegations in Paragraph 35 of the Amended Complaint.

36.     33 Mile admits that, during this call, the individual who answered Plaintiff's call stated that he "work[s] for the marketing company that does call screening for the AC provider" named "Keyword Connects" out of Waltham, Massachusetts.   33 Mile denies all remaining allegations in Paragraph 36 of the Amended Complaint.

37.     Admitted.

38.     33 Mile admits that Plaintiff received a missed call on July 8 from the same 888-660-3882 number.   33 Mile denies all remaining allegations in Paragraph 38 of the Amended Complaint.

39.     33 Mile admits that the call left no message. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 39 of the Amended Complaint and therefore they are denied.

40.     33 Mile admits that Plaintiff called and spoke with "Vanessa with Ellington Air Conditioning and Heating" and that, during the call, "Vanessa"

referenced an "online request" Plaintiff made for an HVAC project. 33 Mile denies all remaining allegations in Paragraph 40 of the Amended Complaint.

41.    33 Mile admits that Plaintiff asked Vanessa as to what the online request says and that Vanessa responded, "If somebody asks you do you have an issue with your HVAC, say no and move on with your day." 33 Mile denies all remaining allegations in Paragraph 41 of the Amended Complaint.

42.    Denied.

43.    33 Mile admits that Plaintiff received a final call on July 9 from the same caller ID, which he answered, and that he spoke with "Beatrice" "from Ellington Air Conditioning and Heat" who told Plaintiff she was calling "regarding your online request for your HVAC project." 33 Mile denies all remaining allegations in Paragraph 43 of the Amended Complaint.

44.    Admitted that Plaintiff stated that this was his third time asking not to call and "don't make it a fourth." 33 Mile denies all remaining allegations in Paragraph 44 of the Amended Complaint.

45.    Denied.

46.    Denied.

47.    Denied.

48.    Denied.

49.    Denied.

50.     33 Mile lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 50 of the Amended Complaint and therefore they are denied.

51.     Denied.

52.     33 Mile lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 52 of the Amended Complaint and therefore they are denied.

53.     Denied.

54.     33 Mile lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 54 of the Amended Complaint and therefore they are denied.

55.     33 Mile lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 55 of the Amended Complaint and therefore they are denied.

56.     33 Mile lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 56 of the Amended Complaint and therefore they are denied.

57.     The guidance referenced and quoted in Paragraph 57 of the Amended Complaint speaks for itself and is the best evidence as to its terms and content, and no response is therefore required. To the extent a response is required, 33 Mile denies

all allegations in this paragraph that are contrary to the quote in the referenced guidance.

58.     The allegations in Paragraph 58 of the Amended Complaint are a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

59.     The allegations in Paragraph 59 of the Amended Complaint are a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

60.     The Federal Communications Commission ruling that is quoted in Paragraph 60 of the Amended Complaint speaks for itself and is the best evidence as to its content, and no response is therefore required. To the extent a response is required, 33 Mile denies all allegations in Paragraph 60 of the Amended Complaint that are contrary to the quote in the referenced ruling.

61.     The allegations in Paragraph 61 of the Amended Complaint states a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

62.     33 Mile lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 62 of the Amended Complaint and therefore denies the allegations.

63.     33 Mile admits that it worked with Ellington but denies all remaining allegations in Paragraph 63 of the Amended Complaint.

64.     33 Mile admits that it worked with Ellington, but is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations about "the specific criteria for the leads it would accept and require[ of] its vendors," and therefore denies those allegations.  33 Mile further states that whether "Ellington controlled the day-to-day activities of 33 Mile" is a legal conclusion to which no response is required.  To the extent a response is required, 33 Mile denies those and all remaining allegations in Paragraph 64 of the Amended Complaint.

65.     33 Mile admits that Ellington authorized 33 Mile to use Ellington's name and denies all remaining allegations in Paragraph 65 of the Amended Complaint.

66.     33 Mile admits that Ellington authorized 33 Mile to use Ellington's name and to offer services from Ellington and inform those who consented to receive calls that the calls were from Ellington.  33 Mile denies all remaining allegations in Paragraph 66 of the Amended Complaint.

67.     33 Mile admits that Ellington compensated 33 Mile for certain calls 33 Mile made on Ellington's behalf but denies all remaining allegations in Paragraph 67 of the Amended Complaint.

68.     Denied.

69.     Denied.

70.     Denied.

71.     33 Mile admits that it has previously been named a defendant in multiple TCPA lawsuits, but otherwise denies all remaining allegations in Paragraph 71 of the Amended Complaint.

72.     Denied.

73.     33 Mile admits that it worked with Ellington but denies all remaining allegations in Paragraph 73 of the Amended Complaint.

74.     33 Mile admits that it handled calls for Ellington and denies all remaining allegations in Paragraph 74 of the Amended Complaint.

75.     Denied.

76.     33 Mile is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 76 of the Amended Complaint and therefore denies them.

77.     33 Mile admits that it worked with Ellington but denies all remaining allegations in Paragraph 77 of the Amended Complaint.

78.     33 Mile states that the allegations in Paragraph 78 of the Amended Complaint are legal conclusions for which no response is required.  To the extent that a response is required, 33 Mile denies the allegations.

79.     Denied.

80.     The Federal Communications Commission ruling referenced and quoted in Paragraph 80 of the Amended Complaint speaks for itself and is the best evidence as to its terms and content, and no response is therefore required. To the extent a response is required, 33 Mile denies all allegations in this paragraph that are contrary to the quote in the referenced ruling.

81.     33 Mile lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 81 of the Amended Complaint and therefore denies the allegations.

82.     33 Mile lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 82 of the Amended Complaint and therefore denies the allegations.

83.     Denied.

84.     Denied.

85.     33 Mile lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 85 of the Amended Complaint and therefore denies the allegations.

86.     33 Mile lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 86 of the Amended Complaint and therefore denies the allegations.

87.     33 Mile lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 87 of the Amended Complaint and therefore denies the allegations.

88.     Denied.

89.     Denied.

## CLASS ALLEGATIONS

90.     33 Mile admits that Plaintiff purports to bring this action on behalf of himself and the classes defined in Paragraph 90 of the Amended Complaint (the "Classes") pursuant to Federal Rule of Civil Procedure 23. 33 Mile denies that Plaintiff is entitled to relief, individually or on behalf of any class. 33 Mile further denies that Plaintiff's proposed class is appropriate for class certification and denies that the purported class action has any merit.

91.     33 Mile admits that Plaintiff proposes the Class definitions set forth in Paragraph 91 of the Amended Complaint but denies that class certification is appropriate.

92.     33 Mile states that the allegations in Paragraph 92 are a legal conclusion to which no response is required. To the extent a response is required, 33 Mile denies the allegations.

93.     33 Mile admits that Plaintiff proposes the exclusions set forth in this paragraph.

94.     Denied.

95.     33 Mile admits that the Class Action Complaint purports to seek injunctive relief and money damages but denies that Plaintiff is entitled to either.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    33 Mile lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 102 of the Amended Complaint and therefore denies the allegations.

103.    Denied.

104.    Denied.

## FIRST CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act
### 47 U.S.C. 227(b) on behalf of the National Do Not Call Registry Class

105.    33 Mile incorporates by reference its answers in paragraphs 1–104 as if fully set forth herein.

106.    Denied.

107.    Denied.

108.   Denied.

**SECOND CAUSE OF ACTION**
**Violation of the Florida Telephone Solicitation Act,**
**Fla. Stat. § 501.059**
**On Behalf of Plaintiff and the Florida Telephone Solicitation Act Autodial**
**Class**

109.   33 Mile incorporates by reference its answers in paragraphs 1–104 as if fully set forth herein.

110.   33 Mile admits that Plaintiff purports to bring this claim individually and on behalf of the Florida Telephone Solicitation Act Autodial Class Members against Defendants, but denies that Plaintiff is entitled to relief.

111.   The statute quoted in Paragraph 111 of the Amended Complaint speaks for itself and is the best evidence as to its terms and content, and no response is therefore required. To the extent a response is required, 33 Mile denies all allegations in this paragraph that are contrary to the quote in the referenced statute.

112.   The statute quoted in Paragraph 112 of the Amended Complaint speaks for itself and is the best evidence as to its terms and content, and no response is therefore required. To the extent a response is required, 33 Mile denies all allegations in this paragraph that are contrary to the quote in the referenced statute.

113.   33 Mile is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations about whether 33 Mile obtained prior

express written consent from Plaintiff, and therefore denies those allegations. 33 Mile denies all remaining allegations in Paragraph 113 of the Amended Complaint.

114. Denied.

115. Denied.

116. Denied.

## PRAYER FOR RELIEF

33 Mile denies that Plaintiff is entitled to the relief he requests or any relief whatsoever.

## GENERAL DENIAL

Except as otherwise expressly stated herein, 33 Mile denies each and every allegation in the Amended Complaint, including, without limitation, any allegations contained in the Amended Complaint's headings, and Prayer for Relief, and denies any liability to Plaintiff. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, averments in the Amended Complaint to which no responsive pleading is required shall be deemed as denied. 33 Mile expressly reserves its right to seek to amend and/or supplement its Answer as may be necessary.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations set forth in the Amended Complaint and without admitting that 33 Mile has any burden to prove any of the following

allegations, 33 Mile asserts the following as separate and independent affirmative defenses.

## First Defense – Lack of Standing

Plaintiff's claims are barred on the basis that Plaintiff lacks standing to pursue claims against 33 Mile because Plaintiff has not suffered any injury or incurred any loss.

## Second Defense – Failure to State A Claim

The First Amended Complaint fails to state a claim against 33 Mile upon which relief may be granted.

## Third Defense – Reasonable Practices and Procedures to Prevent TCPA Violations

Plaintiff's claims are barred because 33 Mile has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA. *See* 47 U.S.C. § 227(5)(c).

## Fourth Defense –Telephone Number Associated With A Business, Not Residence

Plaintiff's claims are barred because the phone number on which he received the calls from 33 Mile was associated with Plaintiff's business and was not a residential telephone line. *See* 47 U.S.C. § 227(c) (applying only to "residential" telephone subscribers).

## Fifth Defense – Failure to Mitigate Damages

Plaintiff's claims are barred because Plaintiff has failed to mitigate any of his claimed damages.

## Sixth Defense – Acquiescence, Waiver, Laches, Estoppel

Plaintiff's claims are barred by the doctrines of acquiescence, waiver, laches, and estoppel.

## Seventh Defense – No Class Action

Plaintiff cannot meet the requirements to maintain a class action in any form in that the alleged class does not have sufficient numerosity, common issues of law and fact do not predominate over individual issues, the alleged class does not have sufficient commonality of injuries and damages, there is no benefit to the litigants or the Court in maintaining this action as a class action, and a class action is not superior to maintaining this action as an individual action in the normal course of the judicial system.

## Eighth Defense – Consent

Plaintiff and/or the putative classes Plaintiff seeks to represent expressly consented to, ratified, and/or acquiesced in receiving the alleged calls that are the subject of this lawsuit.

## Ninth Defense –Due Process

Any award of punitive or statutory damages against 33 Mile would be unconstitutional as violative of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

## Tenth Defense – Self-Induced Injury/Harm

Plaintiff's claims and/or the claims of the putative classes fail, in whole or in part, because any purported damages and/or injury alleged to have been suffered by Plaintiff and/or the putative classes were self-induced and/or created by Plaintiff (or someone on Plaintiff's behalf) and/or the putative classes.

## Eleventh Defense – Unclean Hands

Plaintiff's claims and/or the claims of the putative classes are barred, in whole or in part, by the doctrine of unclean hands.

## Twelfth Defense – Mistake

Plaintiff's claims and/or the claims of the putative classes are barred, in whole or in part, because the calls were placed due a mistaken belief that express written consent had been provided.

## Thirteenth Defense – No Injunctive Relief Available

Plaintiff's claims for injunctive relief, and/or the claims for injunctive relief of the putative classes, are barred, in whole or in part, because there is neither

continuing harm nor any real and immediate danger of injury in the future to the Plaintiff or the putative classes.

### Fourteenth Defense – No Applicability to Cellular Phones

Plaintiff's and the purported classes' claims are barred, in whole or in part, because the provisions upon which they sue do not apply to cellular telephones. *See* 47 U.S.C. § 227(c) (applying only to "residential" telephone subscribers).

### RESERVATION

33 Mile hereby reserves its right to assert any other affirmative defenses that discovery reveals to be applicable so as to avoid waiver of the same.

### 33 MILE'S PRAYER FOR RELIEF

WHEREFORE, 33 Mile prays for judgment as follows:

(a)     That the Court decline to certify the putative class;

(b)     That Plaintiff take nothing by way of the Amended Complaint and the Court dismiss the Amended Complaint with prejudice;

(c)     That the Court enter judgment that 33 Mile is the prevailing party in this action; and

(d)     That the Court award any and all other relief to which 33 Mile may be entitled.

Dated: January 10, 2025          **GREENBERG TRAURIG, P.A.**
*Attorneys for Defendant 33 Mile Radius LLC*
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0816
Facsimile:   (305) 579-0717

By: *Mark A. Salky*
MARK A. SALKY*
Florida Bar No. 058221
JAMES E. GILLENWATER
Florida Bar No. 1013518
MARIA R. SANTANGELO
Florida Bar No. 1049930
mark.salky@gtlaw.com
gillenwaterj@gtlaw.com
maria.santangelo@gtlaw.com
flservice@gtlaw.com

*Lead Counsel

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 10th day of January, 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: *Mark A. Salky*
MARK A. SALKY
*Lead Counsel*